## Bell *et al. v.* Henderson *et al.*

It is not necessary to answer a bill charging fraud, where the facts stated do not amount to fraud; the bill may be demurred to generally.

The representation of facts of a public and notorious character in relation to the situation and prospects of a town, by a vendor of lots, will not constitute a fraud upon purchasers.

APPEAL from the superior court of chancery.

The bill stated that James H. Bell, now deceased, at the public sale of town lots in the town of Aberdeen, which took place in the month of October, 1836, purchased of the defendants lot No. 861 in that town, for the sum of one thousand and fifteen dollars; that, to secure the payment of the purchase money, he gave his two writings obligatory to the defendants, with the complainant, L. N. Moore, as his surety; that the said James H. Bell departed this life intestate, leaving the other complainants, his widow and heirs at law, surviving him; that, on one of the notes, the defendants have obtained a judgment at law.

The bill charged that the defendants have no complete title to the said lot, and will not be able to make a good and sufficient title to the same when the payment of the purchase money is fully made.

The bill set up fraud in the defendants, practised by them on Bell in his life time, in the sale of said lot. The matter of fraud charged was, that the defendants and others in collusion with them, at the time and before the sale of the town lots in the town of Aberdeen, (of which the lot purchased was one,) as trustees of the town, by publications in the newspapers, and in various ways and conversations, fraudulently represented and affirmed that the town of Aberdeen was a place of great commercial importance; that it was *emphatically at the head of steamboat navigation* on

Bell *et al. v.* Henderson *et al.*

the Tombigbee river; that the railroad from Aberdeen to Pontotoc would be commenced in the course of the year 1837; that the defendants entertained no doubt but that the stock of the Aberdeen and Pontotoc railroad and banking company would be subscribed for during the week of the sales of the lots in October, 1836.

Bell further charged that when the said town lot was purchased by the said James H. Bell, in his life time, it was confidently represented by the defendants, and others in interest with them, that the said lot was situated at or near where said railroad would commence; that the said Bell, relying on these unfounded representations, was induced to give the enormous sum of one thousand and fifteen dollars, for less than half an acre of land, otherwise comparatively valueless, but which, if the railroad had been commenced in good faith for its completion within the time contemplated by the charter, the lot would have been well worth the sum it brought; that the project of obtaining a charter for the railroad was a mere trick of the defendants to induce those who would confide in their representations to give high prices for lots: that at the time of said representations it was not seriously contemplated or intended that said railroad would be made; that the importance which the railroad would be to this particular lot was the main inducement of the said Bell in purchasing said lot; but that without the railroad the lot is of little or no value. The bill prayed for an injunction; that the injunction be made perpetual; that the contract of purchase be cancelled; and for general relief.

To this bill there was general demurrer. The demurrer was sustained and the bill dismissed; from which decree this appeal was prosecuted.

Cocke for appellants.

W. Y. Gholson for appellees.

In this case a general demurrer was filed to the bill in the court of chancery, which was sustained, and an appeal has been taken from that order. It is contended that the order of the chancellor should be affirmed. That the rule has been arrested in several cases in this court; that when fraud is charged in a bill, it must be answered, is not denied; but it cannot be inferred from those

Bell *et al. v.* Henderson *et al.*

cases that a general charge of fraud is sufficient, unless the facts charged as constituting fraud amount to it in contemplation of law.

It has been held by the court, that when facts obviously amounting to fraud are charged, it will be sufficient without a direct charge. Parham *v.* Randolph, 4 How. 435. The converse of the rule would of course follow, that a direct charge would not be sufficient unless the facts obviously amount to fraud.

In this case we are, then, to consider whether the facts stated in the bill amount to fraud. The alleged want of title to the lot sold cannot be relied on by the complainants; no fraud is stated or charged in reference to the title, and no eviction shown. Indeed, the defendants below were not bound to make a title until the purchase money was paid or tendered; and neither payment nor tender is alleged in this case. Coleman *v.* Rowe, 5 How. 460.

The grounds of fraud relied on by the complainant are alleged misrepresentations on the part of the defendants below as to the situation, and present and prospective advantages of the town of Aberdeen, in which the lot sold was situated.

It is contended that all the representations charged to have been made by the defendants, were either mere matter of opinion, or if of facts, that the facts were such as were of a public and notorious character, as well known to the complainant's intestate as to the defendants.

It is not deemed necessary to cite authorities to sustain the above positions, as not only the points of law relied on, but their application to the facts of this case, have been in effect decided by this court in the case of Anderson et al. *v.* Burnett, 5 How. 165.

Opinion of the court by TURNER, Justice.

The principles of this case have been settled in several which preceded it in our courts. The case of Anderson &c. *v.* Burnett, 5 How. 165, is similar to this, and rose from a like contract—the sale of lots in the town of Aberdeen, on the Tombigbee river. It is true, that was a case at law—this in chancery; and the question *here* is, on a general demurrer to the complainant's bill seeking relief against a judgment at law on a note given for the purchase

27*

money; whether the facts stated show a want of consideration or fraud practiced by the defendants on the plaintiff.

The vendors of the lots were trustees of the town of Aberdeen, and sold under an advertisement, at public auction, the lot in question; took notes for the purchase money, and gave bond to make titles after the payment thereof. The purchase money has not been paid, and no eviction averred. The complainants are therefore not entitled to relief on that ground.

As to the charge of fraud and trick, the facts set forth do not sustain it. It is not sufficient merely to charge fraud. The facts stated must show a fraudulent intent. There was nothing stated in the advertisement to induce purchases, but what every man was capable of judging for himself. Whether there was such a town, with five hundred inhabitants, at the head of steamboat navigation, with a fair prospect of a railroad from thence to Pontotoc, the vendee could ascertain and know as well as the trustees. The publicity of the facts, by advertisement published, no doubt, far and wide, was intended and calculated to draw public attention to this town and its future prospects; to excite inquiry, and full canvass, for days and weeks before the sale; and the probability is, that the purchaser calculated that he was making a profitable speculation in embarking, with others, in rearing up a new town in that part of the state.

The decree of the chancellor must be affirmed.